**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |
|---|---|
| WALTER BLAYLOCK, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　)<br>　　　v. )<br>　　　　　　　　　　　　　　　　)<br>CAROLYN W. COLVIN, )<br>　　Acting Commissioner of Social )<br>　　Security, )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendant. ) | 1:12cv2537<br>CASE NO: XXX-CXX-XXXX<br><br>MAGISTRATE JUDGE<br>NANCY A. VECCHIARELLI<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

This case is before the Magistrate Judge by the consent of the parties. (Doc. No. 16.) On August 20, 2013, Plaintiff, Walter Blaylock, through his attorney, Marcia Margolius, filed a motion for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $3,652.04. (Application for Attorney Fees ("EAJA Application"), Doc. No. 22.) This amount represented 19.95 hours of services rendered by Ms. Margolius at an hourly rate of $183.06. (*Id.*) The Commissioner did not file any opposition to the EAJA Motion.[1]

On August 28, 2013, the parties filed a Joint Stipulation to an Award of Fees under the EAJA in the amount of $3,450.00. (Doc. No. 25.) The Court finds the stipulated amount to be reasonable. Therefore, the Court awards Plaintiff $3,450.00 in attorney fees pursuant to the EAJA. This award shall satisfy all of Plaintiff's claims for

---

[1] On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. She is automatically substituted as the defendant in this case pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

fees and expenses under 28 U.S.C. § 2412.

The parties' stipulation is not clear regarding the issue of the identity of the payee of the check for the attorney fees in this case.  In one paragraph, the stipulation reads, "The Court shall order that the awarded attorney fees be made payable to Plaintiff . . . and delivered to the business address of Plaintiff's counsel." (Doc. No. 25 at 1.)  However, the next paragraph provides that the identity of the payee depends on whether Plaintiff has any outstanding federal debt: If Plaintiff has no outstanding federal debt, the stipulation requires the Commissioner to make the check payable to *Plaintiff's counsel*, rather than to Plaintiff.  (*Id*. at 1-2.)  Under the terms of this later paragraph, the check shall be payable to Plaintiff only if he has outstanding federal debt.  (*Id*. at 2.)  In that case, the stipulation requires the Commissioner to make the check payable to Plaintiff, for the amount remaining after subtracting the amount of Plaintiff's federal debt.  (*Id*. at 2.)

The Court finds, based on past practice and in order to ensure the fairest result to all parties involved, that the parties intended to stipulate to the scenario set forth in the later paragraph of the stipulation.  Accordingly, if counsel for the parties can verify that Plaintiff owes no pre-existing debts to the United States that are subject to offset, the Commissioner shall direct that the award be made payable to Plaintiff's counsel subject to the assignment signed by Plaintiff and his counsel, and that the Treasury Department mail any check in this matter to the business address of Plaintiff's counsel.  If Plaintiff owes a pre-existing federal debt subject to offset, the Commissioner shall direct that the check be made payable directly to Plaintiff, in an amount equaling the balance of the stipulated attorney fees remaining after subtracting the amount of

Plaintiff's outstanding federal debt, and mailed to the business address of Plaintiff's counsel. If Plaintiff's outstanding federal debt exceeds the amount of the stipulated attorney fees, the stipulated amount shall be used to offset Plaintiff's federal debt and no attorney fees shall be paid.

      IT IS SO ORDERED.

                                                          s/ *Nancy A. Vecchiarelli*
                                                          U.S. Magistrate Judge

Date: August 29, 2013